GEORGE PECK V. AUGUST RASCH ET AL.

CHANCERY APPEAL — DISMISSAL OF FOR WANT OF PROSECUTION.

Complainant moved to dismiss the appeal of the United States Optical Company, one of the defendants, for want of prosecution. Granted.

*Wilkinson & Post*, for motion.

*A. G. Pitts* and *F. A. Rasch, contra.*

The facts as shown by the record and the affidavit of Hoyt Post, one of complainant's solicitors, filed in support of said motion, were:

*a*—That on February 14, 1894, complainant filed a bill in the circuit court for the county of Wayne, in chancery, to foreclose a land contract; that the case was heard in open court, and on June 4, 1895, a decree in favor of complainant was filed and entered.

*b*—That on September 3, 1895, the appellant filed its claim of appeal, notice of which, with acknowledgment of service, was on the following day, together with the required bond on appeal, which had been theretofore duly approved, filed in said cause; that on September 21, 1895, the case, which had been duly settled and signed, was also filed.

*c*—That in November, 1895, deponent Post called the attention of solicitor Pitts to the case, and urged him to have it in readiness for hearing at the January, 1896, term of court; that he was informed by said Pitts that he was waiting for his clients to pay him some money before going any further in the case; that on ascertaining that no return had been made to said appeal, deponent, on November 30, 1895, wrote solicitor Pitts stating said fact, and that unless the return was at once made a motion would be made to dismiss the appeal; that later said Pitts informed deponent that he had written his clients about the matter; that deponent was unable, owing to engagements in court, to give the matter attention at the October, 1895, term of court, but did notify said Pitts by telephone that unless said return was made in time for a hearing at the January, 1896, term of court, deponent would move to dismiss

the appeal; that no return had been made at time of making said affidavit (December 16, 1895); that the making of said return had been so long delayed as to prevent a hearing at said January term.

*d*—That it appeared on the hearing below that the defendant contractees had never paid a dollar on the contract sought to be foreclosed after making the down payment of $2,000; that the amount due for principal and interest and taxes, as shown by the decree, was $3,573.23; that the amount of principal to become due was $22,000; that the appellant or its successors are still in the occupancy of the premises covered by the contract, carrying on their business, without the payment of rent, thus reaping the benefit of the delay in prosecuting the appeal at the expense of the complainant.